## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THOMAS J. FASANELLA, et al.,** | **Civil Action No. 10-5151 (PGS)** |
| **Plaintiffs,** | |
| **v.** | **MEMORANDUM OPINION** |
| **MELVIN J. BOYSEN, et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge,**

Presently before the Court is a Motion filed by the Law Office of Anthony P. Castellani ("Castellani"), on behalf of Counter Defendant Thomas J. Fasanella ("Mr. Fasanella" or "Defendant Fasanella"), to Disqualify Zaremba, Brownell, and Brown PLLC ("Zaremba") as counsel for Plaintiffs Lucille ("Mrs. Fasanella") and Thomas Fasanella (collectively, the "Fasanellas" or "Plaintiffs") [Docket Entry No. 12]. Zaremba opposes Castellani's Motion to Disqualify and has filed a Cross Motion to Disqualify Castellani as counsel for Defendant Fasanella [Docket Entry No. 14]. The Court has fully reviewed the parties' arguments made in support of and in opposition to both motions, and considers them without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, Castellani's Motion to Disqualify Zaremba is DENIED and Zaremba's Motion to Disqualify Castellani is DENIED.

## I.    Background

This litigation stems from an automobile accident that occurred on October 12, 2009 on Monmouth Road at its intersection with Ely Harmony Road in the Township of Freehold. At the time of the accident, Mrs. Fasanella was the passenger in a motor vehicle being operated by her husband, Mr. Fasanella. The Fasanella vehicle was traveling eastbound on Monmouth Road near

its intersection with Ely Harmony Road, where a vehicle owned by Defendant Jean A. Boysen

("Mrs. Boysen") and operated by Defendant Melvin J. Boysen ("Mr. Boysen") (collectively, "the

Boysens" or "Defendants") was stopped on Ely Harmony Road North.  The Boysen vehicle

pulled out into the intersection to make a left turn onto Monmouth Road West directly in the path

of the Fasanella vehicle, which caused a collision between the two vehicles and caused the

Fasanella vehicle to collide with Third-Party Defendant Lisa MacAluso's ("MacAluso") vehicle

which was stopped at the intersection on Ely Harmony Road South.  Thereafter, Mr. Boysen was

issued a traffic ticket at the scene of the accident for careless driving, to which he pled guilty

with civil reservation.

The Fasanellas filed a Complaint [Docket Entry No. 1] naming the Boysens as

Defendants in this Court based on diversity of citizenship.  The Boysens subsequently filed an

Answer to the Complaint which included a counterclaim against Mr. Fasanella and a Third-Party

Complaint against MacAluso [Docket Entry No. 5].  Castellani, on behalf of Mr. Fasanella in his

role as a Defendant, thereafter filed an Answer to the counterclaim [Docket Entry No. 10].

Castellani's Motion to Disqualify arises from the concern that there is a conflict of

interest in Zaremba representing both Fasanellas given Mr. Fasanella's status as both a plaintiff

and defendant in this case.  Castellani argues that Zaremba should be disqualified as Mr. and

Mrs. Fasanella's counsel because of a violation of the New Jersey Rules of Professional Conduct

(the "RPCs").  Specifically, section 1.7 which prohibits representation of clients having adverse

interests.

Zaremba opposes Castellani's Motion and has filed a cross motion to disqualify

Castellani as counsel for Defendant Fasanella, based on a conflict of interest between Defendant

2

Fasanella, Castellani, and Geico, which is Mr. Fasanella's insurance carrier who hired Castellani to represent Defendant Fasanella.  Zaremba argues that there is no conflict of interest in their firm representing both Fasanellas because the Fasanellas have no intentions of bringing any claims against each other.  Zaremba further argues that Castellani should be disqualified as Defendant Fasanella's counsel because Castellani is not acting in the best interest of its client. Zaremba further argues that Mr. Fasanella has advised Zaremba that Castellani's Motion to Disqualify was filed without his consent and was made contrary to the express wishes of Mr. Fasanella, as both Fasanellas have expressly requested to be represented by Zaremba.

## II.   Analysis

In this District, questions of professional ethics are governed by L.Civ.R. 103.1(a), which provides that the RPCs are to be used to resolve same.  See *Carlyle Towers Condo. Ass'n v. Crossland Sav.*, 944 F.Supp. 341, 345 (D.N.J. 1996).  In interpreting the RPCs, the Court looks to New Jersey's state courts' interpretations as primary authority and modifies that interpretation when required or permitted by federal law.  L.Civ.R. 103.1(a); *see Steel v. General Motors,* 912 F.Supp. 724 (D.N.J. 1995).

When considering a motion to disqualify counsel, the movant bears the burden of proving that disqualification is appropriate because the RPCs were violated.  *See Maldonado v. New Jersey*,  225 F.R.D. 120, 136-37 (D.N.J. 2004).  Further, the movant's burden is a heavy one as "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Alexander v. Primerica Holdings, Inc.*, 822 F.Supp. 1099, 1114 (D.N.J. 1993) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983) (internal quotation marks and citation omitted)).  As

a result, in determining whether to disqualify counsel, the Court must closely and carefully scrutinize the facts of each case to prevent unjust results.  *See Montgomery Acad. v. Kohn*, 50 F.Supp.2d 344, 349 (D.N.J. 1999).  Further, given the fact sensitive nature of motions to disqualify counsel, the Court cannot blindly apply the RPCs without any consideration of the parties' relative hardships.  *Id*. (citing *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 738 F.Supp. 1121, 1126 (N.D. Ohio 1990)).  Instead, the Court must "balance the need to maintain the highest standards of the [legal] profession against a client's right to freely choose his counsel."  *Steel*, 912 F. Supp. at 733 (internal quotation marks and citations omitted).  However, if there is any doubt as to the propriety of an attorney's representation of a client, such doubt must be resolved in favor of disqualification.  *Maldonado*, 225 F.R.D. at 137.

Here, both Castellani and Zaremba argue that the other should be disqualified because of a violation of RPC 1.7.  These arguments are addressed in turn below.

### A.    Zaremba's Disqualification under RPC 1.7

New Jersey's courts have held that "[o]ne of the most basic responsibilities incumbent on a lawyer is the duty of loyalty to his or her clients.  From that duty issues the prohibition against representing clients with conflicting interests."  *Matter of Opinion No. 653*, 132 N.J. 124, 129 (1993); *accord In re Opinion 682*, 147 N.J. 360, 368 (1997).  The RPCs codify this ethical duty in RPC 1.7, which requires an attorney uphold to his client "undivided loyalty and allegiance." *Kramer v. Ciba-Geigy Corp.*, 371 N.J. Super. 580, 598 (App. Div. 2004) (internal quotation marks and citation omitted).  Specifically, RPC 1.7 provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

4

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Furthermore, although RPC 1.7(a) prohibits the representation of clients having adverse interests, there are certain exceptions to the rule. Specifically, RPC 1.7(b) provides:

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation, provided, however, that a public entity cannot consent to any such representation. When the lawyer represents multiple clients in a single matter, the consultation shall include an explanation of the common representation and the advantages and risks involved;

(2) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(3) the representation is not prohibited by law; and

(4) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

Here, Mr. and Mrs. Fasanella have both provided informed consent that they understand their right to separate counsel, they do not believe there is any actual conflict, if there is any apparent conflict they waive that conflict, and they both believe it is in their best interest to be represented by Zaremba. Castellani argues that Zaremba should be relieved as counsel because RPC 1.7(b)(4) is not satisfied. However, thus far there have been no claims made by either

5

Fasanella against the other.  Further, both Fasanellas assert that Mr. Fasanella, the driver of the car, did nothing wrong in his operation of the car.  Therefore, the Court holds that all four prongs of RPC 1.7(b) have been satisfied and that there is no RPC violation in Zaremba representing both Fasanellas.

Also helpful in this particular examination of RPC 1.7 are advisory opinions issued by the Advisory Committee on Professional Ethics.  Specifically, Opinion No. 373 addresses the question of an attorney's representation of a husband-driver and wife-passenger in an automobile accident case in which the liability resided substantially with a third person, the wife-passenger not willing to assert a claim against her husband, and a counterclaim having been filed by the defendant against the husband-driver.  The Court notes that the facts present in Advisory Opinion 373 are extremely similar to the facts at hand.  The Committee stated:

> "Under all the circumstances, it should not be necessary for the wife to have a separate attorney.  The parties in the given situation are adults, capable of making an intelligent and informed judgment on the basis of 'full disclosure of the facts and of the possible effect of such representation." (citations omitted)

At this point in time, Mrs. Fasanella is not willing to assert a claim against her husband. Both Mr. and Mrs. Fasanella are adults who have made their decisions to be represented by Zaremba based on "full disclosure of the facts and of the possible effect of such representation." (Advisory Committee Opinion No. 373).  The Court is mindful that public policy precludes an exception by waiver and consent in the representation of both driver and passenger (see Advisory Committee Opinion Nos. 156 and 188); however this preclusion has not been extended to the circumstance of a husband driver and wife passenger when liability in the case is "obvious" (DR 5-105(C)) (*see also* Advisory Committee Opinion Nos. 248, 253 and 373).  Indeed, "[t]he

problem of common representation in such situations will depend upon the circumstances of each case" (Advisory Committee Opinion No. 253).  The Court holds that Zaremba should not be disqualified at this point in time as counsel for Mr. and Mrs. Fasanella.

**A.      Castellani's Disqualification under RPC 1.7**

In support of its motion to relieve Castellani as counsel for Mr. Fasanella, Zaremba relies on *Prevratil v. Mohr*, 145 NJ 180, 678 A.2d 243 (1996), in which the Supreme Court of New Jersey stated:

> "Although an insurer may select the attorney to represent an insured, that 'attorney owes his first allegiance to his client in the action, the insured, and bears a responsibility to represent him properly in all respects.'  Plainly stated, in any litigation, counsel for an insurer must put the insured's interests ahead of the insurers." (citations omitted)

Zaremba argues that Geico's counsel is not acting in the best interest of its insured, Mr. Fasanella, as both Fasanellas have expressed their desire to both be represented by Zaremba. Zaremba further argues that there is a conflict of interest between Geico, Castellani, and the Fasanellas, and that Mr. Fasanella should be permitted to obtain his own counsel at Geico's expense.

The Court sees no reason to disqualify Castellani as counsel for Defendant Fasanella at this time.  The Court holds that there is insufficient evidence presented to make a determination that Castellani is not acting in the best interests of its client.  While the Court realizes that both Fasanellas have expressed their wishes to be represented in this action by Zaremba, Castellani's filing of the instant motion does not necessarily signify that they are not acting in the best interests of Mr. Fasanella.  Indeed, Castellani's filing of the instant motion may have been done precisely with the intention of protecting Mr. Fasanella's best interests.  The Court holds that

7

Castellani should not be disqualified as counsel for Defendant Fasanella.

**III.    Conclusion**

For the reasons stated above, the Court finds that Castellani and Zaremba have both failed to meet their burden in establishing a violation of the RPCs that would require disqualification. Therefore, Castellani's Motion to Disqualify Counsel is DENIED and Zaremba's Cross Motion to Disqualify Castellani as Counsel is DENIED.  An appropriate Order follows.

**Dated: August 2, 2011**

         **s/Tonianne J. Bongiovanni**
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**